IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID MARK HARTMAN, | **4:20CV3084** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| JOY GRAY; ANN YOUNG; and LT. TILSON, | |
| Defendants. | |

Plaintiff, David Mark Hartman ("Hartman"), a state prisoner currently incarcerated at the Buffalo County Jail, filed his pro se Complaint on July 27, 2020, and subsequently was granted leave to proceed in forma pauperis. Now that the required initial partial filing fee has been paid, the court conducts an initial review of Hartman's Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Hartman claims Defendants violated his constitutional rights under the Eighth Amendment by failing to provide him needed medical care at the Dawson County Jail, where he was previously confined.[1]

## II. LEGAL STANDARDS ON INITIAL REVIEW

The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A.

---

[1] The court notes that Hartman filed another action on August 7, 2020, in which he claims he has not received proper medical care at the Buffalo County Jail. *See* Case No. 4:20-cv-03092-RGK-PRSE**.**

§ 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III.  DISCUSSION

Liberally construing Hartman's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a

person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law. *Id.* at 50.

Named as Defendants are (1) Joy Gray, who is employed as the jail's nurse, (2) Ann Young, the jail's medical provider, and (3) Lt. Tilson, a jail officer. Plaintiff's Complaint contains sufficient facts from which to conclude that Nurse Gray and Lt. Tilson were acting under color of state law as employees of the Dawson County Jail. No allegations of misconduct are made against Ann Young.[2]

Because the Complaint does not specify that Defendants Gray and Tilson are being sued in their individual capacities, the court must presume they are being sued only in their official capacities. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). "Because section 1983 liability exposes public servants to civil liability and damages, [the Eighth Circuit] ha[s] held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (internal citations omitted); *see Baker*, 501 F.3d at 923 ("A suit against government officials in their official capacities is another way of pleading an action against the entity of which they are agents.").

Dawson County cannot be held liable for the alleged misconduct of Defendants Gray and Tilson under a theory of *respondeat superior* or vicarious liability. "It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under § 1983." *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Springfield v. Kibbe*, 480 U.S. 257, 267 (1987) (O'Connor, J., dissenting)). To prevail on an official-capacity claim, Hartman must show that the alleged constitutional violation

---

[2] A private practitioner who is under contract to treat inmates at a county jail can act under color of state law for purposes of 42 U.S.C. § 1983. *See Washington v. Foxhall*, No. 8:17CV6, 2017 WL 1283483, at *4 (D. Neb. Apr. 5, 2017).

resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "Alternatively, a plaintiff may establish municipal [or county] liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018); *see also Brossart v. Janke*, 859 F.3d 616, 627-28 (8th Cir. 2017) ("A municipality may also be liable where its policies are lawful on their face but municipal action, such as failure to train or supervise, was taken with deliberate indifference as to its known or obvious consequences and led an employee to violate a plaintiff's rights." (quotation marks and citations omitted)).

Hartman does not allege that the violation of his constitutional rights occurred because of a municipal policy or custom, or because of a failure to train or supervise Defendants Gray and Tilson, nor does his Complaint contain any facts from which it might reasonably be inferred that Dawson County is liable for his alleged injuries. "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)).

Hartman's Complaint therefore fails to state a claim upon which relief may be granted, and is subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. On the court's own motion, however, Hartman will be given leave to amend. If Hartman elects to file an amended complaint, he must specify whether each defendant is being sued in his or her official capacity, individual capacity, or both capacities.

If official-capacity claims are alleged in the amended complaint, Hartman should include enough facts from which "one could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom" of Dawson County. *Crumpley-Patterson*, 388 F.3d at 591. And if Hartman seeks to hold defendants personally liable for his alleged injuries by suing them in their individual capacities, he should describe in detail what action was taken by each defendant to violate his constitutional rights. "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017).

Deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983 for violation of the Eighth Amendment. *Morris v. Cradduck*, 954 F.3d 1055, 1058-59 (8th Cir. 2020). A pretrial detainee has the same right under the Fourteenth Amendment's Due Process Clause. *Id.* (citing *Barton v. Taber*, 908 F.3d 1119, 1123-24 (8th Cir. 2018)). To establish a constitutional violation, a prisoner or detainee must demonstrate an objectively serious medical need that the defendant knew about and deliberately disregarded. *Id.* (citing *Barton* at 1124).

An objectively serious medical need is one "diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *McGrone v. Boyd*, No. 8:18CV233, 2019 WL 2583841, at *4 (D. Neb. June 24, 2019) (quoting *Jones v. Minnesota Dep't of Corr.*, 512 F.3d 478, 481 (8th Cir. 2008)). Deliberate disregard requires "more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Id.* (quoting *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013)). Thus, to be liable for deliberate indifference, a defendant "must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Hartman alleges that Defendants Gray and Tilson ignored his repeated requests for medical treatment until eventually he was hospitalized with severe pneumonia. Hartman also alleges he was temporarily released from jail so that Dawson County could avoid the expense of his hospital treatment, and that he was charged with escape when he was unable to return to jail when ordered.

With respect Hartman's release from jail, it was held in *Hamilton v. Singleton*, No. 4:13-CV-04038, 2015 WL 1004343 (W.D. Ark. Mar. 5, 2015), *aff'd*, 683 F. App'x 543 (8th Cir. 2017), that a jailor's action in releasing a prisoner the day before his scheduled surgery to avoid financial liability for the surgery could violate the prisoner's right to adequate medical care. In denying cross-motions for summary judgment, the magistrate judge (who was trying the case with the consent of the parties) stated:

> Defendant Singleton does not dispute Plaintiff's claim that he released Plaintiff the day before the scheduled surgery to insulate Hempstead County from the surgery costs. Defendant Singleton may not deny Plaintiff necessary medical care based on Plaintiff's inability to pay for such medical care. *See Hartsfield v. Colburn,* 371 F.3d 454, 457-8 (8th Cir. 2004) (a jail doctor, who was aware of the inmate's tooth pain, that withheld dental care for approximately one and a half months for non-medical reasons was not entitled to summary judgment and evidence regarding jail policy on the issue also implicated the sheriff of the county); *Monmouth County Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3rd Cir. 1987) (prison officials may not condition medical treatment on the inmate's ability or willingness to pay). Moreover, an intentional refusal to provide medical care constitutes deliberate indifference. *See Vaughan v. Lacey,* 49 F.3d 1344, 1345 (8th Cir. 1995) (deliberate indifference includes intentional denial of access to medical care).
>
> However, the record is unclear as to whether Defendant Singleton deliberately disregarded Plaintiff's objectively serious medical need. While the majority of the facts on the record are

> undisputed, there is simply not enough evidence on the summary judgment record for the Court to determine whether Plaintiff's hand surgery was of the type that would render Defendant's Singleton's refusal to pay for it a deliberately indifferent action. *See Green v. Manning,* 692 F.Supp. 1283 (S.D.Ala. 1987) (no deprivation of constitutional rights where inmate's elective knee surgery was delayed). Cf. *Jones v. Johnson,* 781 F.2d 769 (9th Cir. 1986) (classification of hernia as elective surgery did not insulate county from Eighth Amendment duty to provide proper medical care). It has also been recognized that jail officials may properly consider the costs and benefits of treatments as well as the length of incarceration. *See e.g., Delker v. Maass,* 843 F.Supp. 1390, 1399–1401 (D.Or. 1994).

*Id*., 2015 WL 1004343, at *5.

Regarding the escape charge, for which he convicted and sentenced, Hartman requests "expungement" of the charge. Such relief cannot be had in this action, nor can Hartman sue for damages based on what he claims was a wrongful conviction. The United States Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). "He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). A § 1983 action cannot be maintained until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. This line of cases establishes that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Dotson*, 544 U.S. at 81-82 (emphasis in original).

## IV. CONCLUSION

The court finds upon initial review that Hartman's Complaint fails to state a claim upon which relief may be granted, but the court will permit him to file an amended complaint within 30 days. If an amended complaint is not filed within 30 days, the case may be dismissed without further notice. If an amended complaint is filed, Hartman should, in addition to specifying in which capacity each defendant is being sued, explain exactly what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.

IT IS THEREFORE ORDERED:

1.      On the court's own motion, Plaintiff shall have 30 days in which to file an amended complaint.

2.      Failure to file an amended complaint within 30 days will result in the court dismissing the case without prejudice, and without further notice to Plaintiff.

3.      If Plaintiff files an amended complaint, he shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4.      The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

5.      The Clerk of the Court is directed to set the following pro se case management deadline: **November 2, 2020**, check for amended complaint.

Dated this 1st day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

8